IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SOUTHERN ROOFING & RENOVATIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | No. 2:21-cv-2516-TLP-tmp ) ) |
| ARON J. AUSTIN and PAULINE AUSTIN-YOUNG, | ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO REMAND, REMANDING TO THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT, AND DENYING PENDING MOTIONS**

Plaintiff Southern Roofing & Renovations, LLC ("SRR") moves to remand this case to state court under 28 U.S.C. § 1447(c) because Defendants did not timely remove. (ECF No. 18.) Defendants have responded.[1] (ECF No. 22.) For the reasons below, the Court **GRANTS** the motion to remand and **DENIES** all other pending motions as moot.

## BACKGROUND

Plaintiff sued Defendant Aron Austin in Shelby County General Sessions Court in January 2019, seeking damages for breach of contract related to repairs Plaintiff performed on Austin's house. (ECF No. 7 at PageID 43.) That court entered judgment against Defendant Austin in March 2019. (*Id.* at PageID 45.) Defendant Austin appealed to the Shelby County Circuit Court in April 2019. (*Id.* at PageID 59.)

---

[1] Defendants also objected to remand before Plaintiff filed this motion. (ECF No. 17.)

On August 21, 2020, Plaintiff amended its complaint against Defendants Aron Austin and Pauline Austin-Young, seeking monetary damages and injunctive relief based on breach of contract, fraud, conversion, unjust enrichment, equitable trust, malicious prosecution, abuse of process, and defamation. (ECF No. 9 at PageID 456; 18-2 at PageID 1241.) Plaintiff's amended complaint contains these factual allegations.

In November 2018, Defendant Austin contracted Plaintiff to perform certain roof repairs for his house, and to handle the corresponding claim with his insurance carrier, State Farm. (ECF No. 18-2 at PageID 1243.) Defendant Austin spoke with Aaron Grigsby, Plaintiff's representative, by telephone and gave permission to sign the contract on his behalf. (*Id.*) Defendant Austin later signed his initials on the contract in eight places. (*Id.*) Plaintiff then secured insurance benefits for Defendant Austin and performed the roof repairs. (*Id.*) Defendant Austin received the insurance proceeds from State Farm and kept those funds for himself, refusing to pay Plaintiff at least $11,958 for the repairs. (*Id.*)

After Plaintiff sued him, Defendant Austin began posting false claims about Plaintiff on public websites. (*Id.* at PageID 1244.) For example, Plaintiff alleges that

> On the Better Business Bureau website, Defendant submitted a lengthy rant that falsely alleges SRR committed "insurance fraud"; SRR tried to collect for work they did not do; that SRR did not have a signed agreement; SRR "mark[s] up the cost of supplies and labor"; SRR "cheat[s] you out of your money"; SRR committed "fraud"; an "arrest warrant" should be issued as to SRR; SRR has subjected clients to fraud; SRR has misappropriated funds; SRR committed theft by deception; as well as other false allegations.

(*Id.*) Plaintiff also alleges that Defendant Austin "submitted a similar, lengthy and false rambling criticism of SRR" on Google reviews and "had his friend, Co-Defendant Pauline Young, submit a similar rambling false criticism of SRR" on that site. (*Id.* at PageID 1244–45.) According to the amended complaint, Defendant Austin "made similar false comments on

Facebook" and "harassed SRR and its employees and affiliates on Facebook." (*Id.* at PageID 1245.) Plaintiff asserts that it "has lost substantial business and good will" as a result of Defendants' false comments. (*Id.*)

The amended complaint states that in September 2019, Defendant Austin "filed a frivolous claim against SRR, SRR's employees, SRR's former attorney (Nick Tansey), and even Judge Cobb" in this Court. (*Id.* at 1250.) The Court dismissed Defendant Austin's lawsuit about 4 months later. *See Austin v. Tansey*, 2:19-cv-02647-TLP-tmp, 2020 WL 206935 (W.D. Tenn. Jan. 14, 2020). Plaintiff also alleges that Defendant Austin "filed charges with the Tennessee Department of Commerce and Insurance falsely alleging that SRR defrauded him." (ECF No. 18-2 at 1251.)

In relief, Plaintiff seeks compensatory damages in the amount of at least $3,340,000, punitive damages, and injunctive relief. (*Id.* at PageID 1254–55.) Defendants filed a notice of removal in this Court about one year after Plaintiff amended the complaint. (ECF No. 1.) As expected, Plaintiff now seeks remand. (ECF No. 18.)

## **LEGAL STANDARDS**

For starters, under 28 U.S.C. § 1441, a defendant may remove any civil action from state court to federal court that the federal court would have original jurisdiction over. This includes removal based on diversity of citizenship jurisdiction. *Id.* That said, if the case is not removable at the outset, but later, through an amended pleading or the like, the case becomes removable, the defendant would have to remove within 30 days of that new event. 28 U.S.C. § 1446(b)(3). In other words, the defendant has only thirty days to file a notice of removal from the time when she has "solid and unambiguous information that the case is removable." *Forest Creek Townhomes, LLC v. Carrol Prop. Mgmt., LLC*, 695 F. App'x 908, 912 (6th Cir. 2017) (quoting

*Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015)); 28 U.S.C. § 1446 (holding that a defendant has thirty days to remove after "it may first be ascertained that the case . . . has become removable"). And that thirty-day deadline is mandatory and not subject to alteration by courts. *May v. Johnson Controls, Inc.*, 440 F. Supp. 2d 879, 883–84 (W.D. Tenn. 2006); *Tennessee v. Tenn. Valley Auth.,* 311 F. Supp. 3d 896, 902 (M.D. Tenn. 2018).

What is more, unless the court determines that the plaintiff acted in bad faith to prevent removal, defendants may never remove a case based on diversity of citizenship more than one year after commencement of the action. 28 U.S.C. § 1446(c)(1); *see also Good Nutrition, LLC v. Kinsale Ins. Co.*, No. 1:17-CV-2160, 2018 WL 7858719, at *4 (N.D. Ohio Jan. 22, 2018) ("Section 1446(c)(1) essentially acts as a statute of repose for cases where removal is sought on the basis of a court's diversity jurisdiction by absolutely barring removal after one year.) (citing *Cofer v. Horsehead Research & Dev. Co., Inc.*, 805 F. Supp. 541, 544 (E.D. Tenn. 1991)). Under both Tennessee law and federal law, "commencement of the action" means the date when Plaintiff filed the original complaint—here, that is January 2019.[2] (ECF No 1.) So the bottom

---

[2] "Whether state or federal law governs the commencement question is not entirely clear." *Sizemore v. Auto-Owners Ins. Co.*, 457 F. Supp. 3d 585, 591 n.8 (E.D. Ky. 2020) (comparing *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 908 (6th Cir. 1993) ("State law determines when an action is commenced for removal purposes.") and *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (applying Federal Rule of Civil Procedure 3 to determine when the one-year window in § 1446 began)). "Federally, an action commences upon complaint filing." *Id.* (citing Fed. R. Civ. P. 3). The same is true in Tennessee. *See* Tenn. R. Civ. P. 3 ("All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved."). And so under Tennessee law and federal law, an action commences at its outset—on the date the original complaint is filed. *See Sizemore*, 457 F. Supp. 3d at 591 ("[T]he one-year clock in § 1446[c] starts to tick when the original complaint is filed, and this time limit does not reset for later-added defendants.") (quoting *In re Pikeville Sch. Bus Collision Cases*, No. 11-CV-158-ART, 2011 WL 6752564, at *3 (E.D. Ky. Dec. 23, 2011)).

line is that rarely would a Defendant be able to remove a case to federal court after one year from the case's filing.

And while the Sixth Circuit has not defined the meaning of "bad faith," federal courts that have addressed the language "agree that the issue is whether the plaintiff engaged in intentional conduct to deny the defendant the chance to remove the case to federal court." *Dutchmaid Logistics, Inc. v. Navistar, Inc.*, No. 2:16-cv-857, 2017 WL 1324610, at *2 (S.D. Ohio Apr. 11, 2017); *see, e.g.*, *Hiser v. Seay*, No. 5:14-cv-170, 2014 WL 6885433, at *4 (W.D. Ky. Dec. 5, 2014). These standards govern the Court's decision.

## ANALYSIS

Defendants argue that federal question jurisdiction and diversity jurisdiction exist here. Under 28 U.S.C. § 1331, federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Federal question jurisdiction under 28 U.S.C. § 1331 is proper 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

To establish federal question jurisdiction, Defendants point to a document they filed in state court in early August 2021. (ECF No. 1-1 at PageID 11.) In this document, Defendants allege that Plaintiff discriminated against them in violation of 42 U.S.C. § 1981. (*Id.*) This filing—even if construed as a valid state court pleading asserting counterclaims against Plaintiff, which Plaintiff vehemently opposes—would not establish federal question jurisdiction. Indeed, "it is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction.'" *Chase Manhattan Mortg. Corp.*, 507 F.3d at 914–15 (6th Cir. 2007) (quoting

*Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)); *see also Kondaur Capital Corp. v. Finley*, No. 2:20-cv-02423-JTF-tmp, 2020 WL 6200189, at *3 (W.D. Tenn. Oct. 22, 2020) ("Defendant appears to be asserting a counterclaim with this allegation, which cannot serve as the basis for federal question jurisdiction."). And so Defendants' state-court filing does not establish a ground for removal.

Defendants also argue that diversity jurisdiction exists here. Federal district courts have original jurisdiction over civil actions between citizens of different states in which the amount-in-controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332, 1441. Diversity jurisdiction requires "complete diversity," meaning "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original); *see also Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 997 (6th Cir. 2020). The removing defendant bears the burden of sufficiently alleging diversity jurisdiction. *See* 28 U.S.C. § 1446(a).

The parties dispute whether Defendant Austin—like Plaintiff—is a Tennessee citizen.[3] According to the notice of removal, Defendant Austin resides in Arkansas six months out of the year, in Tennessee three months out of the year, and "at an undisclosed location" in Texas and Oklahoma the three remaining months. (ECF No. 1 at PageID 8.) The Court notes, however, that Defendants' notice of removal and pending motions list only a Tennessee address for Defendant Austin. (ECF No. 1 at PageID 10; 14 at PageID 1085; 15 at PageID 1115; 16 at PageID 1205; 25 at PageID 2723.) But the Court need not resolve this dispute.

---

[3] According to Defendants' notice of removal, Defendant Young resides in Arkansas. (ECF No. 1 at PageID 8.) Plaintiff's motion to remand does not challenge her citizenship. (ECF No. 18-1 at PageID 1228.)

Regardless of Defendant Austin's citizenship, the Court should remand this case because Defendants did not timely remove it. Plaintiff amended its complaint on August 21, 2020. (ECF No. 9 at PageID 456; 18-2 at PageID 1241.) Defendants did not remove this case until August 10, 2021, nearly a full year later. (ECF No. 1.) This is well beyond the thirty-day deadline for removal. *See* 28 U.S.C. § 1446 (giving defendants thirty days to remove after case first becomes removable). As stated above, the Court cannot alter the thirty-day deadline. *See May*, 440 F. Supp. 2d at 883–84. What is more, 28 U.S.C. § 1446(c)(1) prevents removal based on diversity jurisdiction because Plaintiff started this action in January 2019 and Defendant is now trying to remove it about 32 months later. Of course, the outside limit for removal is 12 months from the initial filing. But Defendants have not alleged that Plaintiff acted in bad faith to prevent removal. This gives the Court another basis for remand.

In sum, Defendants failed to provide a valid basis for removal.[4] For that reason, the Court **GRANTS** Plaintiff's motion to remand, **REMANDS** this case to the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District, and **DENIES** all remaining pending motions as moot.

**SO ORDERED**, this 10th day of September, 2021.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[4] In seeking remand, Plaintiff asks for attorney's fees under 28 U.S.C. § 1447(c). (ECF No. 18-1 at PageID 1231.) Generally, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the decision is close, considering Defendants' pro se status and the Order excusing Plaintiff from responding to all pending motions until the Court decides whether to remand (ECF No. 20), the Court **DENIES** the request for sanctions.